**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **CRIMINAL ACTION NO. 3:94CR-5-S**

**RUSSELL B. ALLEN** **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Defendant Russell B. Allen filed a *pro se* motion to rescind an outstanding arrest warrant (DN 151). By Order entered January 25, 2007, the Court denied the motion (DN 153). On March 8, 2007,[1] Defendant sent a letter to the Court, advising that he did not receive a copy of the Court's January Order and became aware of the Order only when the Clerk of Court sent him a copy of the docket sheet in response to a copy request. Defendant received the docket sheet on March 8, 2007, the same date he sent his letter to this Court. In the letter, Defendant asks the Court to appoint counsel for him and to "allow this letter to act as a notice of appeal" of the January 25, 2007, Order. The Court construes the letter as (1) a notice of appeal, (2) a motion for extension of time in which to file an appeal, and (3) a motion for appointment of counsel on appeal.

"In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(i). Under Appellate Rule 26, "in computing any period of time specified in

---

[1]Because Defendant is a prisoner, the "mailbox rule" applies. Under the mailbox rule, a filing is deemed filed on the date that it is deposited in the prison mail system for mailing. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to court). While the Court did not receive the letter until March 13, 2007, Defendant signed the letter on March 8, 2007, and the letter was postmarked March 9, 2007. Absent evidence to the contrary, the Court presumes Defendant deposited the letter in the prison mail system for mailing on the date he signed it, but even if the postmarked date is considered, the appeal, discussed *infra*, is still timely.

these rules . . . . Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days." The 10-day appeal period, thus, expired on February 8, 2007. Because Defendant filed his letter on March 8, 2007, the appeal is untimely.

According to Appellate Rule 4(b)(4), however,

> Upon a finding of excusable neglect or good cause, the district court may–before or after the time has expired, with or without motion and notice–extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

In the instant case, the appeal period can be extended to March 12, 2007.[2] Because Defendant filed his letter/notice of appeal within the 30-day extension period, it is timely if he has shown excusable neglect or good cause, which the Court concludes he has. Defendant advises that he has never received a copy of the Court's January 25, 2007, Order, and a review of the Court's record confirms that the Clerk inadvertently failed to send a copy of the Order to the *pro se* litigant. For these reasons, the motion for extension of time in which to file an appeal will be granted.

Further, because Defendant has filed an appeal, the Court will transfer the motion for appointment of counsel on appeal to the Sixth Circuit Court of Appeals for its consideration.

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) The **Clerk of Court is directed to file** Defendant's letter in the criminal action as a notice of appeal, a motion for extension of time in which to file an appeal, and a motion for appointment of counsel on appeal.

---

[2]The 30th day actually fell on Saturday, March 10, 2007, but in computing the time under the appellate rules, the 30-day period did not end until the following Monday, March 12, 2007. *See* Fed. R. App. P. 26(a)(3) ("Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or . . . a day on which the weather or other conditions make the clerk's office inaccessible.").

(2) The motion for extension of time in which to file an appeal is **GRANTED**.

(3) The motion for appointment of counsel on appeal is **TRANSFERRED** to the Sixth Circuit Court of Appeals for consideration.

(4) The **Clerk of Court is directed to add** Defendant's address to the docket sheet and send Defendant a copy of the Court's January 25, 2007, Order (DN 153) for his review.

Date: March 19, 2007

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Defendant, *pro se*
United States Attorney
Clerk, Sixth Circuit Court of Appeals

4411.005